UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID A. FREEMAN,

    Plaintiff,

v.                                                          Case No. 8:25-cv-3159-KKM-CPT

CITY OF NEWTON,
MASSACHUSETTS et al.,

    Defendants.
_____

**ORDER**

David Freeman sues the City of Newton, Massachusetts, the Newton Police Department, the Newton District Court, and multiple officials who work for the police department, the court, or the Commonwealth of Massachusetts. Compl. (Doc. 1). Freeman alleges violations of his constitutional rights, obstruction of federal judicial proceedings, and seeks a declaratory judgment and injunctive relief. *Id.* ¶¶ 33–49. Freeman claims that venue is proper here under 28 U.S.C. § 1391(b) because some of the defendants "mail[ed] criminal process to [Freeman]" in Florida, and "the effects of" the defendants' "unconstitutional conduct are felt here" by Freeman. *Id.* ¶ 6. Thus, Freeman claims, "a substantial portion of the events giving rise to these claims occurred in this district." *Id.* at 3. Not so.

This dispute arises out of events in Massachusetts. Freeman alleges that the defendants took a series of unlawful actions against him, including failing to adequately investigate a burglary of Freeman's Massachusetts-based company, withholding transcripts from judicial proceedings in Massachusetts related to the burglary, unlawfully seizing firearms belonging to Freeman, and fabricating official records. *See id.* ¶¶ 15–16, 18, 20–21. At least some of the defendants' conduct was purportedly motivated by a desire to retaliate against Freeman for filing a lawsuit in Massachusetts. *Id.* ¶¶ 14–32. Other than contacting Freeman at his home in Florida regarding court proceedings in Massachusetts—first via two telephone calls in 2024 and later by mailing notice of a hearing on November 5, 2025—the actions that Freeman claims violated his rights all occurred in Massachusetts. *Id.* ¶¶ 30, 32. This minimal contact, limited to communicating with Freeman regarding the ongoing proceedings in Massachusetts, is not "a substantial part of the events . . . giving rise to [Freeman's] claim[s]." 28 U.S.C. § 1391(b)(2). Further, each defendant appears to reside within the District of Massachusetts. *See id.* ¶¶ 6–12. Venue is not proper in the Middle District of Florida, but it appears that venue would be proper in the District of Massachusetts under 28 U.S.C. § 1391(a) or 28 U.S.C. § 1391(b).

If a plaintiff files a case in the wrong venue, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in

2

which it could have been brought." 28 U.S.C. § 1406(a). In the interest of justice, I transfer this action to the United States District Court for the District of Massachusetts.

Accordingly, the following is **ORDERED**:

1. The Clerk is directed to **TRANSFER** this action to the United States District Court for the District of Massachusetts.

2. The Clerk is directed to **TERMINATE** any pending motions or deadlines and to **CLOSE** the case.

**ORDERED** in Tampa, Florida, on December 5, 2025.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge