UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

David Freeman,

   Plaintiff,

v.

City of Newton, et al.,

   Defendants.

Case No. 1:25-cv-13786-LTS

PROPOSED JUDICIAL NOTICE AND REQUEST FOR IMMEDIATE INTERVENTION
(FRCP 7(b), 12(f), 16, 26, 44; Brady / Giglio / Limone Doctrine)

Plaintiff, David A. Freeman, respectfully requests that the Court take judicial notice pursuant to Fed. R. Evid. 201 and enter appropriate protective and corrective relief under the Federal Rules of Civil Procedure.

I. JUDICIALLY NOTICEABLE FACTS (Fed. R. Evid. 201)

The attached mailing from the Commonwealth of Massachusetts constitutes five separate "Notice of Outstanding Warrant" documents issued by the Ayer District Court:

- Docket No. 2648CR000139 (Complaint Date 02/04/2026; Offense 12/12/2025)
- Docket Nos. 2648CR000140, 000141, 000142, 000143 (Complaint Dates 02/05/2026; alleged Newton PD origin)

Each document:

1. Lists Plaintiff's Seminole, Florida residence (9961 Indian Key Trail, Seminole, FL 33776)
2. States "Defendant May Not Appear Unless Arrested."
3. Identifies Newton Police Department as originating agency.
4. Is styled as a "Straight Warrant."

The envelope reflects direct first-class mailing from Ayer District Court to Plaintiff's Florida residence, bypassing any Florida service authority.

These facts are capable of accurate and ready determination from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b)(2).

II. STRUCTURAL DUE PROCESS DEFECT

Under the Fourteenth Amendment, no state may deprive any person of liberty without due process of law. U.S. Const. amend. XIV.

Issuance of an arrest warrant directed at an out-of-state domiciliary without perfected service, notice, or jurisdiction constitutes:

- A deprivation of liberty interest without procedural safeguards (Mathews v. Eldridge balancing test).
- A jurisdictional defect void ab initio where personal jurisdiction was not perfected prior to issuance.
- A structural due process violation not curable by post hoc justification.

Service of process is governed in federal practice by Fed. R. Civ. P. 4 and constitutional notice standards. Where the forum state lacks personal jurisdiction over an out-of-state defendant, any coercive process violates due process. See World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286 (1980).

III. POST HOC JUSTIFICATION AND MALICE

The complaint dates (02/04/2026 and 02/05/2026) coincide with service of federal summons on Newton District Court and Newton Police via constable on February 4, 2026 (same-day filing).

Temporal proximity between federal service and immediate issuance of multiple warrants supports judicially cognizable inference of retaliatory or post hoc action.

Retaliatory criminal process in response to protected litigation activity implicates:

- First Amendment Petition Clause protections.
- §1983 liability for retaliatory prosecution.
- Structural abuse of process.

IV. BRADY / GIGLIO / LIMONE OBLIGATIONS

Where criminal process is initiated, the prosecuting authority has a constitutional obligation to disclose:

- Exculpatory evidence (Brady v. Maryland, 373 U.S. 83 (1963));
- Impeachment material affecting credibility (Giglio v. United States, 405 U.S. 150 (1972));
- Fabrication or suppression of material evidence constitutes due process violation (Limone v. United States, 579 F.3d 79 (1st Cir. 2009)).

If underlying jurisdictional facts (including Florida domicile confirmation and lack of service through PCSO) were known and withheld, issuance of warrants without disclosure constitutes a Brady-Giglio defect and Limone-type fabrication or omission.

V. FRCP AUTHORITY FOR FEDERAL INTERVENTION

This Court possesses authority under:

- Fed. R. Civ. P. 16 (case management; preservation of integrity of proceedings);
- Fed. R. Civ. P. 26 (disclosure obligations; prevention of discovery abuse);
- Fed. R. Civ. P. 12(f) (striking improper matter);
- The All Writs Act, 28 U.S.C. § 1651 (protecting federal jurisdiction);
- 42 U.S.C. § 1983 (federal constitutional enforcement).

Where state process interferes with or retaliates against pending federal litigation, federal courts may act to protect their jurisdiction and prevent irreparable constitutional harm.

VI. ABSENCE OF VALID RESTRAINING ORDER AND JURISDICTIONAL DEFECT

The warrants reflect complaint dates of February 4–5, 2026 and allege violations of G.L. c. 209A. At the time of the alleged violations, no valid restraining order was operative.

The referenced restraining order was not served until January 22, 2026 by the Pinellas County Sheriff's Office. Service occurring after alleged offense dates cannot retroactively create criminal liability or personal jurisdiction.

Due process requires notice reasonably calculated to apprise interested parties of the action and afford opportunity to be heard. Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950).

Personal jurisdiction requires lawful service of process. Absent service, coercive criminal process directed at a Florida domiciliary is void ab initio. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286 (1980).

VII. DEFECTIVE PROCESS AND FACIAL DEFICIENCIES

The five warrants were transmitted via regular USPS mail. There was no certified mailing, no personal service, no interstate execution through PCSO prior to January 22, 2026, and no documented investigation by PCSO.

The mailed warrants contain no sworn affidavit, no probable cause statement, no certified incident report, no named victim, no identified complainant, no specific location of alleged conduct, no particularized factual allegations, no documented investigation, and no visible judicial signature on the mailed copies.

The Fourth Amendment requires warrants be supported by probable cause, supported by oath or affirmation, and particularly describing the offense. A warrant lacking sworn factual basis is constitutionally deficient.

VII. VENUE IRREGULARITY

The alleged originating agency is Newton Police Department; however, the warrants were issued by Ayer District Court. Filing or transfer outside the originating venue without transparent record justification raises jurisdictional and venue concerns subject to judicial scrutiny.

Improper venue implicates due process and may render proceedings constitutionally infirm.

IX. RETALIATION, OBSTRUCTION, AND WHISTLEBLOWER PROTECTION

Issuance of criminal process contemporaneous with federal litigation service implicates retaliation analysis under 42 U.S.C. § 1983.

Government actors may not initiate criminal proceedings in retaliation for protected petitioning activity. Absence of affidavits, required materials, lawful service, and documented investigation supports structural due process concerns.

Whistleblower protections prohibit adverse action taken in response to protected disclosures of governmental misconduct.

X. PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court:

1. Take judicial notice of the mailed warrants and related process.
2. Order preservation of all affidavits, communications, venue documents, and related materials associated with Docket Nos. 2648CR000139–143.
3. Direct immediate Brady/Giglio disclosure of all material relied upon to procure the

warrants.
4. Enjoin further enforcement or interstate transmission of the warrants pending constitutional review.
5. Appoint counsel due to concrete constitutional harms and deprivation.
6. Refer record materials to the United States Department of Justice, Federal Bureau of Investigation, and Office of Inspector General for review of potential fraud upon the court and obstruction of justice.
7. Consider remand or transfer to the Middle District of Florida in light of Plaintiff's Florida domicile and concrete harm occurring therein.
8. Grant such further relief as required to protect federal jurisdiction and prevent irreparable deprivation of liberty.

XI. CONCLUSION

The record demonstrates absence of a valid injunction at the time of alleged violations, lack of personal jurisdiction, absence of sworn probable cause materials, venue irregularity, retaliatory timing, and structural due process defects. Such deficiencies are cognizable under constitutional doctrine and federal procedural authority and warrant immediate judicial intervention.

Dated: February 15, 2026

Respectfully submitted,

/s/David Freeman
Davi Freeman, Pro Se
9961 Indian Key Trail
Seminole, FL 33776
Dctech01@yahoo.com