UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DAVID FREEMAN,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF NEWTON; NEWTON POLICE DEPARTMENT; TIMOTHY COHOON, Chief of Police, Newton Police Department, in His Individual and Official Capacity; HENRY M. SHULTZ, Clerk-Magistrate, Newton District Court, in His Individual and Official Capacity; DAMIAN N. RIDDLE, Clerk-Magistrate, Ayer District Court, in His Individual and Official Capacity; and ANDREA JOY CAMPBELL, Attorney General of the Commonwealth of Massachusetts, in Her Official Capacity,<br><br>Defendants. | ) | Civil No. 25-13786-LTS |

MEMORANDUM AND ORDER ON NEWTON DEFENDANTS' MOTION TO DISMISS (DOC. NO. 73) AND COMMONWEALTH DEFENDANTS' MOTION TO DISMISS (DOC. NO. 78)

October 28, 2026

SOROKIN, J.

David Freeman filed a pro se Amended Complaint which alleged numerous violations of his federal constitutional and statutory rights. Doc. No. 69. In doing so, he sued the City of Newton, the Newton Police Department, and that department's Chief of Police (collectively, "the Newton Defendants"). He also sued the Clerk-Magistrates of the Newton District Court and the Ayer District Court, as well as the Attorney General of Massachusetts (collectively, "the Commonwealth Defendants"). The Newton Defendants and the Commonwealth Defendants

seek dismissal. Doc. No. 73 (Newton Defendants); Doc. No 78 (Commonwealth Defendants). Their motions are ALLOWED for the following reasons.

First, the Amended Complaint fails to state a claim upon which relief may be granted against any defendant. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). As a result, "unadorned, the-defendant-unlawfully-harmed-me accusations" are not enough. Id. (citation modified). Though this Court "must be mindful of the challenges faced by pro se litigants and construe their arguments liberally," it need not "conjure up unpled allegations." Vieira v. De Souza, 22 F.4th 304, 311 (1st Cir. 2022) (citation modified).

Despite its length and use of numerous legal terms, the Amended Complaint is difficult to follow and fails to set forth sufficient, non-conclusory factual allegations to plausibly make out the claims it advances. A few examples are illustrative. The Amended Complaint names the Chief of the Newton Police Department as a defendant but does not raise a single factual allegation concerning that defendant. Doc. No. 69 at 1. Relatedly, the Amended Complaint asserts that "[t]he City of Newton and Newton Police Department maintained" various unconstitutional "policies or customs," such as "suppressing material exculpatory records and official transcripts." Id. at 17. But Freeman fails to allege facts which plausibly suggest that these policies or customs exist. And the Amended Complaint alleges that the Newton and Commonwealth Defendants retaliated against Freeman for posting on social media, filing the original complaint in this case, and "serving Defendants" with "a comprehensive evidentiary packet documenting [their alleged] constitutional violations." Id. at 13. Yet Freeman does not

allege facts which indicate that retaliation is a plausible motive for any of the Newton or Commonwealth Defendants' actions. Notably, "temporal proximity is not sufficient alone to prove retaliatory motive." Brown v. Corsini, 657 F. Supp. 2d 296, 305 (D. Mass. 2009). For example, the fact that Freeman was charged with violating a protective order several months after he filed this case, Doc. No. 69 at 10, does not plausibly suggest any connection between this case and those charges. The lack of plausible factual support for any of Freeman's claims requires dismissal of the Amended Complaint in its entirety. The Court nonetheless briefly discusses three additional deficiencies which separately require dismissal of many or all of his claims.

Second, and to the extent the facts giving rise to Freeman's claims are discernible at all, those facts largely concern state-court proceedings in which this Court cannot intervene. "Proceedings in state courts should normally be allowed to continue unimpaired by intervention of the lower federal courts." Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs, 398 U.S. 281, 287 (1970). "[R]elief from error, if any," lies with "the state appellate courts and ultimately" the United States Supreme Court. Id. Relevant here, Younger v. Harris, 401 U.S. 37 (1971), generally prohibits federal-court involvement in criminal proceedings. The nature of the proceedings which are the basis for Freeman's suit is not entirely clear, but Younger appears to bar this Court's intervention with many, if not all, of those proceedings. Among other claims, Freeman alleges: that the Newton and Ayer District Courts mailed him "criminal process" after he became a Florida "domiciliary," Doc. No. 69 at 4; the "suppression" of exculpatory and impeachment evidence in a December 3, 2024, state-court proceeding, id. at 15–16; the "ultra vires execution of enforcement actions" by the Newton Police Department, id. at 2; the "fabrication, alteration, and concealment of official government records and criminal process" in

various state-court proceedings, id.; and due process claims with respect to a criminal complaint issued for the violation of an abuse prevention order under Massachusetts law, id. at 7. To the extent these allegations concern state-court criminal proceedings, Younger bars Freeman's claims.[1]

Third, the Commonwealth Defendants are immune from suit in federal court. Freeman names the Massachusetts Attorney General in her official capacity and the Clerk-Magistrates in both their official and individual capacities. Id. at 1. The Eleventh Amendment bars the official-capacity claims. "[A] suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). "In many instances, a suit against a state official is a suit against the state, thereby triggering Eleventh Amendment immunity." Asociación De Subscripción Conjunta Del Seguro De Responsabilidad Obligatorio v. Flores Galarza, 484 F.3d 1, 24 (1st Cir. 2007). This is true for the Massachusetts Attorney General, see Cotto v. Campbell, 126 F.4th 761, 768 (1st Cir. 2025), as well as the Clerk-Magistrates, see Whole Woman's Health v. Jackson, 595 U.S. 30, 39 (2021).

Freeman is correct that Ex parte Young, 209 U.S. 123, 157 (1908), provides an exception to Eleventh Amendment immunity by authorizing certain suits for prospective relief. See Doc. No. 69 at 8. But this exception does not apply to the Commonwealth Defendants in this case. Take the Massachusetts Attorney General. Ex parte Young only applies if a defendant is capable of "bringing about the relief a plaintiff seeks." Cotto, 126 F.4th at 773 (citation modified). Here,

[1] Freeman asserts that various exceptions to this bar apply, such as "constitutional injury, bad-faith process, or lack of adequate state forum." Doc. No. 69 at 11. But he again fails to identify facts which plausibly suggest that any of the circumstances that would trigger such exceptions are present here.

Freeman seeks an injunction requiring the Attorney General "to ensure prospective compliance by Massachusetts Trial Court entities with the requirements of 18 U.S.C. § 2265 in all proceedings directed against out-of-state domiciliaries." Doc. No. 69 at 19. But the Attorney General has no authority over the Commonwealth's judicial branch and is therefore unable to "bring about the relief" Freeman seeks. Cotto, 126 F.4th at 773. Nor does the Ex parte Young exception reach the Clerk-Magistrates, because "the right to enjoin . . . a state official . . . does not include the power to restrain a court from acting in any case brought before it." Ex parte Young, 209 U.S. at 163. As a result, the Eleventh Amendment bars Freeman's claims against the Commonwealth Defendants in their official capacities.

Likewise, quasi-judicial immunity bars Freeman's claims against the Clerk-Magistrates in their individual capacities. "The doctrine of quasi-judicial immunity provides absolute immunity for those who perform tasks that are inextricably intertwined with the judicial function." Nystedt v. Nigro, 700 F.3d 25, 30 (1st Cir. 2012). Freeman's claims against the Clerk-Magistrates appear to exclusively concern these tasks, such as "issuing and maintaining process," Doc. No. 69 at 12, or maintaining court records, id. at 14. These claims are therefore also barred.[2]

Finally, res judicata bars most of Freeman's claims against the Newton Defendants. "[A] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the state in which the judgment was entered." Torromeo v. Town of Fremont, 438 F.3d 113, 115–16 (1st Cir. 2006) (citation modified). Under Massachusetts law, "the term 'res judicata' includes both claim preclusion and issue preclusion." Kobrin v. Bd. of

[2] To the extent Freeman once more asserts exceptions to this bar, such as "fraud upon the court," Doc. No. 83 at 9–11, he fails to plead facts which make the exceptions plausible.

Registration in Med., 832 N.E.2d 628, 634 (Mass. 2005). "Claim preclusion makes a valid, final judgment conclusive on the parties and their privies, and prevents relitigation of all matters that were or could have been adjudicated in the action." Id. (citation modified).

This case aside, Freeman has filed four additional lawsuits which name the Newton Police Department and the City of Newton as defendants.[3] See Doc. No. 74-1 (April 4, 2025, request for extraordinary relief before the Massachusetts Supreme Judicial Court); Doc. No. 74-3 (April, 15, 2025, complaint in Middlesex Superior Court which was later removed to federal court); Doc. No. 74-5 (May 5, 2025, complaint in Middlesex Superior Court); Doc. No. 74-7 (complaint in the United States District Court for the Middle District of Florida). The Middlesex Superior Court dismissed one of those prior actions in August 2025, in a final judgment on the merits for failure to state a "plausible cause of action" or present "a valid basis upon which relief could be granted."[4] See Doc. No. 74-6 at 3–4. In that case, Freeman's allegations largely mirrored those he now brings in this Court concerning a December 2024 "ERPO raid," conflicts of interest, retaliatory conduct, protective orders, and various other interactions with the Newton Police Department. See Doc. No. 74-5. To the extent he again raises claims against the City of Newton and the Newton Police Department based on the same facts, these are claims which

[3] Though not included in Freeman's Amended Complaint, the Court takes judicial notice of these "proceedings in other courts" because "those proceedings have relevance to the matters at hand." Kowalski v. Gagne, 914 F.2d 299, 305 (1st Cir. 1990).

[4] The Newton Defendants argue that Freeman's April 15, 2025, complaint which was removed to federal court also "resulted in a dismissal on the merits." Doc. No. 74 at 8 (citation modified). There, the court dismissed his "state and constitutional violation claims" for lack of standing and his defamation claim as "frivolous." Doc. No. 74-4 at 4. But a dismissal for lack of subject matter jurisdiction, including a failure to establish standing, is not on the merits and is therefore "without res judicata effect." Ne. Erectors Ass'n of BTEA v. Sec'y of Lab., 62 F.3d 37, 39 (1st Cir. 1995). Because this dismissal was therefore merely partially on the merits, the Court only addresses the preclusive effect of the Middlesex Superior Court's decision.

"were or could have been adjudicated" in the prior action.[5] Kobrin, 832 N.E.2d at 634 (citation modified). And though the Newton Chief of Police was not a party in Freeman's prior suit, any claims against him are also barred because he was in privity with the other Newton Defendants in that suit. See Degiacomo v. City of Quincy, 63 N.E.3d 365, 370 (Mass. 2016). Freeman's claims against the Newton Defendants are therefore largely barred by res judicata.

For the foregoing reasons, the Newton Defendants' Motion to Dismiss (Doc. No. 73) and the Commonwealth Defendants' Motion to Dismiss (Doc. No. 78) are ALLOWED. The Clerk shall enter a judgment of dismissal with each side to bear its own fees and costs.[6]

SO ORDERED.

/s/ Leo T. Sorokin
United States District Judge

[5] The only exception is Freeman's allegation that the Newton Police Department unlawfully retaliated against him and violated his due process rights when it "petitioned Ayer District Court for five (5) criminal complaint applications" in February 2026. Doc. No. 69 at 10. Because Freeman alleges that this occurred after the Middlesex Superior Court rendered final judgment on August 14, 2025, any claims about this event are not those which "were or could have been adjudicated" in the prior action. Kobrin, 832 N.E.2d at 634.

[6] One other issue merits brief mention. Freeman asserts that Judge Mizelle made "specific reference to 'alarming and ongoing constitutional harms arising directly from Defendants' use of official government process in secret and in circumvention of Plaintiff's constitutional rights'" in her order transferring the case from the Middle District of Florida to this Court. Doc. No. 83 at 14. Not so. Judge Mizelle's transfer order, Doc. No. 9, makes no such reference and in no manner weighs in on the merits of Freeman's claims.